Taylor, C. J.
delivered the opinion of the Court.
The question arising upon this record is, whether the deed relied upon by the defendant, is sufficient in law to convey the title from Levi Blount? The distinction between a deed and a parol contract is well settled at common law, and upon the basis of sense and justice. The inconsiderate manner in which words frequently pass from men, would often betray them into acts of imprudence, and not unfrequently, expose them to the artifices of fraud, were they not placed under the safeguard of that rule, which denies validity to a parol contract, unsupported by a consideration. On the other hand, the ceremonies which accompany a deed imply reflection and care; and serve to enable a man to avoid either surprise or imposition.
This rule was changed only when Chancery assumed jurisdiction of uses, when they acted upon the maxim of the civil law, ex nudo pecto non oritur actio, and would not carry a deed into execution which was not supported by a consideration.
Lord Bacon, in his reading on the statute of uses, remarks, “they say that a use is but a nimble and light thing and now contrariwise it seemeth to be weightier than any thing else : for you cannot weigh it up to raise it, neither by deed, nor by deed enrolled without the weight of a consideration. But you shall never find a reason of this to the world’s end in the law ; but it is a reason of Chancery and it is this : that no court of conscience will enforce donum gratuitum, though the intent appear never so clearly, where it is not executed or sufficienntly passed by law ; but if money have *589 been paid and so a person damnified, or that it was for the establishment of his house, then it is a good matter in the Chancery."
Of common law conveyances it is necessary to notice only a feoffment, and it is very clear that this deed cannot operate as such. Because the case does not state that Levi Blount was in possession, nor that he gave livery of seisin; and if the deed were in all other respects formally in feoffment, the mere signing and sealing such a deed was, in no instance, sufficient to transfer an estate of freehold, unless the possession was delivered from the feoffor to the feoffee, and without which a deed of feoffment only passed an estate at will.—1 Co. Lit 43 a. The livery of seisin is the delivery of actual possession; and therefore cannot be made by a person who has not at the moment actual possession. Consequently, if a person make a feoffment of lands which are let at lease, he must obtain the assent of the lessee to the livery. The old practice was for the lessee to give up the possession for a moment to the lessor, in order to enable him to give the livery.—Betterworth's case, 2 Rep. 31.
It is next to be enquired whether the deed can operate under the statute of uses, the effect of which is to impart efficacy to certain conveyances without a mutation of possession.
A bargain and sale is a contract by which a person conveys his land to another for a pecuniary consideration; whence a use arises to the bargainee, and the statute immediately transfers the legal estate and possession to him without any entry or other act on his part,
For want of a pecuniary consideration then, it is perfectly clear that this deed cannot operate as a bargain and sale.
Nor can it operate as a covenant to stand seised to uses, because it is essential to this sort of conveyance, that the consideration be either affection to a near relation or marriage. *590 The love and affection which a man is supposed to bear to his brothers and sisters, nephews and nieces, and heirs at law, as well as the natural desire of preserving his name and family, all form good considerations.
There is an implied obligation subsisting between parent and children, who are considered in equity as creditors, claiming a debt, arising from the duty a parent is under to provide for them.
But love and affection to an illegitimate child is not a sufficient consideration to raise a use in a covenant to stand seised.
Where a person covenanted in consideration of natural love and affection, to stand seised to the use of himself for life, remainder to A, his reputed son, (who was illegitimate) for life, &c. and also covenanted to levy a fine or make a feoffment for further assurance. Afterwards he made a feoffment in fee to the covenantees, in performance of his covenant to the same uses. It was resolved that no use arose to A, the bastard, by the covenant, for want of a consideration. Nor could he take any thing by the feoffment, it being only made for further assurance.—Dyer 364, pl. 16.
This case is expressly in point, and its authority is unquestionable; wherefore, there must be Judgment for the plaintiff.